Regis O’Brien, J.
Motion by plaintiff under section 299 of the Civil Practice Act for an order directing that the answer of the defendant Eazor Express, Inc., be stricken.
Under date of March 24, 1961, plaintiff’s attorney served a notice that, pursuant to sections 288, 289, 290 and 301 of the Civil Practice Act, rule 121-a of the Rules of Civil Practice and other pertinent provisions of law, the testimony of John N. Kane, and u the individual employed by the defendant Eazor, who was charged with the responsibility of operating the tow motor at the time of the accident, and any other employees of the defendant Eazor, who were in the vicinity and witnessed the accident ” will be taken at a time and place therein specified “ upon all of the relevant facts and circumstances in connection *972 with the accident, including negligence, contributory negligence, liability and damages.”
Only the defendant John N. Kane appeared at the specified time and place for examination. During his examination he said that there were “ about seven of us ” in “ the area of the south dock”. As the south dock was where the accident occurred, the plaintiff’s attorney inquired:
“ Q. Now, will you state who those employees were? ” The defendants’ attorney refused to allow the witness to answer the question asking for their names.
Again at page 21, lines 19-23 and page 22, lines 1-17 of the stenographic minutes of the examination before trial of defendant Kane, it is brought out that six employees of defendant Eazor were “ in the immediate vicinity of where this occurred.”
At the close of Kane’s examination, plaintiff’s attorney stated: “Now, I want to examine each of the other six employees of the Freight Terminal, which this witness has testified about. Are any of them here today? ” Upon the disclosure that such employees were not present for examination, plaintiff’s attorney asked: “ Are you ready to produce them? ” and received the reply: “I don’t know, I’ll let you know though ”, from defendant’s attorney.
Another inquiry was made by the attorney for the plaintiff after his further examination of Mr. Kane revealed that the group of employees ‘ ‘ were all sort of facing him ’ ’ (the injured person) at the time he was hurt. The defendant’s attorney replied “ I’ll let you know, take it up with my client ”.
The alleged employees were not produced for examination and this motion to strike Eazor’s answer was then made by the plaintiff.
In view of all of the circumstances, the plaintiff’s motion is granted unless within 20 days after service of the order to be entered hereon, and notice of its entry, the defendant Eazor Express, Inc., produces for examination the employees specified by John N. Kane in his examination, as being present at the time of the injury to Mr. Franklin Tyler on or about August 29,1958. (See Otis v. Novadel Agene Corp., 285 App. Div. 862.)